UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                               Criminal Case No. 16-20818

John B. Green-Johnson,               Sean F. Cox
                                                      United States District Court Judge

    Defendant.

_____/

## ORDER DENYING
## DEFENDANT'S REQUEST FOR RELEASE ON BOND

In this criminal case, Defendant John B. Green-Johnson pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) and was sentenced to 30 months imprisonment, followed by a two-year term of supervised release. Defendant was released from prison and began his term of supervised release in August of 2019.

On February 14, 2020, Defendant's supervising probation officer filed a Violation Report and Emergency Warrant Request. Defendant has been charged with violating the conditions of his supervised release by, among other things, engaging in new criminal charges, that involve violent conduct.

A detention hearing was scheduled to take place before Magistrate Judge Steven Whalen on February 26, 2020. At that time, however, Defendant consented to an order of detention pending the resolution of the supervised release charges. (ECF No. 37).

On February 28, 2020, the parties appeared before this Court for a supervised release violation hearing, at which time Defendant entered a plea of not guilty to the charges and the Court adjourned the supervised release hearing to March 25, 2020, at Defendant's request.

While before the Court, Defendant requested that he be released on bond. The Government opposes that request, and the probation officer recommends detention.

Under 18 U.S.C. § 3145(b), a defendant who has been ordered detained by a magistrate judge may move to revoke the detention order. A defendant may be detained pending trial only if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). It is the Government's burden to prove by clear and convincing evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); 18 U.S.C. §§ 3142(e), 3142(f)(2)(B). To determine whether no conditions exist that will reasonably assure Defendant's appearance, the Court must consider the following factors from § 3142(g): (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against Defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

Having considered these factors, this Court finds that the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community. Defendant's history and characteristics demonstrate that he is a continuing danger to the community. Since beginning supervised release in August of 2019, Defendant has not engaged in any employment. He has admitted to consuming alcohol. And most troubling, he is alleged to have engaged in violent conduct that continued to escalate when law enforcement became involved, including making threats of future violence toward others. His release would pose a serious danger to the community.

2

## CONCLUSION & ORDER

For these reasons, the Court ORDERS that Defendant's request for release on bond is DENIED.

IT IS SO ORDERED.

                                      s/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated: February 28, 2020